846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur Ardie WILLIAMS, Plaintiff-Appellant,
v.
HALIFAX COUNTY JAIL, Woody Bane, Sheriff, Defendants-Appellees.
 No. 87-6119.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 12, 1987.
Decided April 15, 1988.
 
 Arthur Ardie Williams, appellant pro se.
 W. Carrington Thompson, Clement and Wheatley, for appellees.
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Arthur Ardie Williams brought suit under 42 U.S.C. Sec. 1983, alleging that the conditions of his confinement at the Halifax County Jail violated his constitutional rights. A magistrate held a hearing on Williams' claims and recommended entering judgment for the defendants. At the time of the hearing, Williams had been confined in the Halifax County Jail for approximately one year awaiting trial on murder charges.
 
 
 2
 Concerning Williams' claim that he had been denied access to the courts while confined at the jail, the magistrate found that the commonwealth had discharged its obligation under Bounds v. Smith, 430 U.S. 817 (1977), by providing Williams with access to counsel. The magistrate found that Williams had an attorney to represent him on his criminal charges for most of the time he was at the Halifax County Jail. In addition, the magistrate found that Williams had declined to exercise his right to appointed counsel to contest the detainer lodged against him by the District of Columbia. Finally, the magistrate found that Williams wanted access to legal materials solely to second guess his attorney. The magistrate made no findings concerning the adequacy of Williams' access to a law library, but the jailer of the Halifax County Jail testified that inmates could obtain materials from the law library only through their attorneys.
 
 
 3
 Williams filed timely objections to the magistrate's report, questioning only the magistrate's disposition of his access to the courts claim. He stated that the commonwealth had not provided him with adequate access to a law library and that, as he had informed the magistrate at the hearing, his court-appointed attorney had refused to assist him with his civil rights suit. The district court adopted the magistrate's report and recommendation without commenting on Williams' objection and without explicitly stating that it had conducted a de novo review of the portions of the report to which Williams had objected.
 
 
 4
 We vacate and remand for further proceedings. If the district court conducted a de novo review, the order should be amended to reflect this fact. If not, a de novo review should be conducted. We note that the record does not show whether the district court reviewed a transcript or a tape recording of the hearing. Such a review is necessary under 28 U.S.C. Sec. 636(b)(1) when specific objections are made to the magistrate's report. See Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir.1985). In addition, the district court should make findings concerning Williams' claim that he was denied adequate access to legal assistance or legal materials in filing his civil rights suit. We dispense with oral argument because the facts and legal issues are adequately presented in the record and oral argument would not significantly aid the decisional process.
 
 
 5
 VACATED AND REMANDED.